It was left to the jury to say whether it was a gift or loan *Page 257 
to Simonton for his life with a contingent remainder to the plaintiff, or whether it was a loan determinable at the will of the plaintiff. If the first, then the jury was instructed that it was too remote; and if the second, then by the intermarriage of plaintiff the property became Armstrong's, and the right was now in his executors. There was a verdict for defendant, and the case stood on a rule to show cause why there should not be a new trial.
If the plaintiff's husband had thought proper to have brought an action of detinue for the negroes in question, and it would have been necessary to have joined his wife with him in the action, it follows that, as no action was brought, the property has survived to her. And it has been decided in Johnston v. Pasteur, 1 N.C. 582, as well as in several other cases, that it was necessary to make the wife a party, because she was the meritorious cause of action.
But we think those cases are unlike the present, because there the defendant held adversely; here the defendant claims under the bailment of the wife when sole, and it seems to be admitted in the case of Johnston v.Pasteur that when the defendant is a trustee for the husband, then the husband may bring suit in his own name; in other words, that the possession of the bailee was the possession of the husband, and that therefore the right of the husband was complete.
(353)